| | |
|---|---|
| IN RE BIOGEN INC. STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 1:24-cv-12584-IT |
| This Document Relates to:<br><br>ALL ACTIONS | (Consolidated) |

**STIPULATION AND JOINT MOTION TO STAY CASE**
**PENDING RESOLUTION OF RELATED SECURITIES CLASS ACTION**

Plaintiffs Lawrence Hollin ("Hollin") and Jonathan Blaufarb ("Blaufarb" and, together with Hollin, "Plaintiffs"), Nominal Defendant Biogen Inc. ("Biogen"), and Defendants Michael R. McDonnell, Christopher A. Viehbacher, Michel Vounatsos, Alexander J. Denner, Caroline D. Dorsa, Mria C. Freire, William A. Hawkins, William D. Jones, Jesus B. Mantas, Richard C. Mulligan, Stelios Papadopoulos, Eric K. Rowinsky, and Stephen A. Sherwin (collectively, "Defendants," and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below order approving this Stipulation:

WHEREAS, on May 22, 2024, a putative class action lawsuit alleging violations of the federal securities laws was filed against Biogen Inc. ("Biogen"), Michel Vounatsos, Michael R. McDonnell, and Christopher A. Viehbacher (collectively, along with Priya Singhal, who was added as a defendant in an amended complaint filed on December 31, 2024, the "Securities Class Action Defendants") in the United States District Court for the District of Colorado under the caption *Gray v. Biogen Inc. et al.*, Case No. 24-cv-01444 (the "Securities Class Action");

WHEREAS, the Securities Class Action is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(b)(1), which imposes a stay on discovery in the Securities Class Action until after plaintiffs have established that they can state a claim upon which relief can be granted;

WHEREAS, on July 24, 2024, Plaintiff Blaufarb filed a verified shareholder derivative complaint on behalf of Biogen in the United States District Court for the District of Colorado (the "*Blaufarb* Action") alleging causes of action for, *inter alia*, breach of fiduciary duties and violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against the Individual Defendants (*Blaufarb* Action, ECF No. 1);

WHEREAS, on October 8, 2024, the United States District Court for the District of Colorado granted Plaintiff Blaufarb's unopposed motion to transfer the *Blaufarb* Action to this Court (*Blaufarb* Action, ECF No. 12);

WHEREAS, on October 9, 2024, Plaintiff Hollin filed a verified shareholder derivative complaint on behalf of Biogen in this Court alleging substantially similar causes of action as the Blaufarb Action (the "*Hollin* Action") (ECF No. 1);

WHEREAS, on October 23, 2024, the Securities Class Action was transferred to the United States District Court for the District of Massachusetts and assigned Case No. 24-cv-12691;

WHEREAS, on January 15, 2025, the *Blaufarb* and *Hollin* Actions were consolidated by stipulation of the Parties and by order of this Court as *In re Biogen Inc. Stockholder Derivative Litigation*, Case No. 24-cv-12584 (the "Consolidated Derivative Action") (ECF No. 5);

WHEREAS, pursuant to a stipulation entered on January 15, 2025, the Parties agreed to meet and confer and submit a proposed scheduling order to the Court within sixty (60) days of the date that the Court entered an order approving the stipulation, and have met and conferred in

accordance with that agreement (ECF No. 4);

WHEREAS, on February 18, 2025, the Securities Class Action Defendants moved to dismiss the amended complaint in the Securities Class Action on the grounds that the plaintiffs have failed to state a claim upon which relief can be granted;

WHEREAS, on February 21, 2025, the Court set a scheduling conference for March 18, 2025 and ordered the Parties to submit a case schedule by March 11, 2025 (ECF No. 6);

WHEREAS, in light of the overlap between the Consolidated Derivative Action and the Securities Class Action, the Parties jointly request that the Court stay the Consolidated Derivative Action on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED and, subject to the approval of the Court, ORDERED THAT:

1.      The Consolidated Derivative Action, including but not limited to all motion practice, obligations to respond to the operative complaint, and all discovery and disclosure obligations under the applicable local and federal rules, is hereby stayed until fourteen (14) days after the resolution of the Securities Class Action and the exhaustion of any appeal(s) therefrom;

2.      The Scheduling Conference presently scheduled for March 18, 2025 is adjourned;

3.      During the stay, Plaintiffs may file an amended complaint, but Defendants need not answer, move, or otherwise respond thereto during the pendency of the stay;

4.      During the stay, Defendants shall promptly notify Plaintiffs, through their undersigned counsel, of any derivative action(s) based on the same or similar set of facts as those alleged in the Consolidated Derivative Action ("Related Derivative Actions") and any books-and-records inspection demands pursuant to 8 *Del. C.* § 220 and litigation demands based on factual allegations substantially the same as those in the Consolidated Derivative Action;

5.     During the stay, Defendants shall promptly notify Plaintiffs, through their undersigned counsel, if any Related Derivative Action is not stayed for a similar or longer duration than the stay of the Consolidated Derivative Action;

6.     Notwithstanding any other provision herein, either of the Parties have the option to terminate this stay (a) upon agreement of the Parties or (b) by giving fourteen (14) days' notice in writing via email to the undersigned counsel for the Parties if any Related Derivative Action is not stayed for the same or longer duration and under similar terms;

7.     During the stay, if Defendants produce documents in the Securities Class Action or in a Related Derivative Action or if Biogen produces books and records to any Biogen stockholder in connection with a books and records inspection demand pursuant to 8 *Del. C.* § 220 based on factual allegations substantially the same as those in the Consolidated Derivative Action, Defendants shall also promptly produce those documents to Plaintiffs, subject to a reasonable confidentiality agreement or protective order that states that Plaintiffs cannot use the documents produced by Defendants for any other purpose than the Consolidated Derivative Action.

8.     During the stay, Defendants shall promptly inform Plaintiffs upon the scheduling of any mediation that may be held in the Securities Class Action and shall make a good faith effort to include Plaintiffs in any such mediation.  If the plaintiffs in the Securities Class Action object to including Plaintiffs in any such mediation, Defendants shall mediate with Plaintiffs at or about the same time separately.

9.     Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiffs in any such mediation;

10. By entering into this stay, the Parties do not waive any, and expressly preserve all, claims and defenses, except as to the sufficiency of service of process; and

11. If and when the stay of proceedings is lifted, the Parties shall, within thirty (30) days, meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Derivative Action, including the date by which Defendants must answer or otherwise plead.

Dated: March 11, 2025                                        Respectfully submitted,

*/s/ Mitchell J. Matorin*                                    */s/ Jessica Lewis*
Mitchell J. Matorin (BBO #649304)                           Jessica Lewis (BBO # 685549)
MATORIN LAW OFFICE, LLC                                     WILMER CUTLER PICKERING HALE AND DORR LLP
18 Grove Street, Suite 5                                    2600 El Camino Real
Wellesley, MA 02482                                         Suite 400
Telephone: (781) 453-0100                                   Palo Alto, CA 94306
E-mail: mmatorin@matorinlawoffice.com                       Telephone: 628-235-1000
                                                            E-mail: jessica.lewis@wilmerhale.com

*Counsel for Plaintiff Hollin and Liaison*
*Counsel for Plaintiffs*                                    Michael G. Bongiorno (BBO # 558748)
                                                            Timothy J. Perla (BBO # 660447)
Timothy J. MacFall                                          Wilmer Cutler Pickering Hale and Dorr LLP
RIGRODSKY LAW, P.A.                                         60 State Street
852 East Gate Boulevard, Suite 300                          Boston, MA 02109
Garden City, NY 11530                                       Telephone: 617-526-6000
Telephone: (516) 683-3516                                   E-mail: michael.bongiorno@wilmerhale.com
E-mail: tjm@rl-legal.com                                    E-mail: timothy.perla@wilmerhale.com

*Counsel for Plaintiff Hollin and Co-Lead*                  *Counsel for Defendants*
*Counsel for Plaintiffs*

Timothy Brown
THE BROWN LAW FIRM, P.C.
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
E-mail: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Blaufarb and Co-Lead*
*Counsel for Plaintiffs*